EJECTMENT for a tract of land called Durham lying Jn Charles County.
At the trial of the cause, the following special verdict was found, to wit:
We find that Cecelius Lord Baltimore, on the 7th day of September, 1666, in pursuance of a certificate bearing date the 10th day of December, 1663, did grant the lands in question to Walter Bean, the father of Eleanor, one of the lessors of the plaintiff, who by his last will, bearing date the 12th day of April, 1670, did devise the same to the said Eleanor and her heirs. That Charles Lord Baltimore (the said Eleanor being under age, and after the decease of the said Walter Bean) did surmise and set forth, that the said land was a reserve formerly laid by his Lordship of the manor of Panguya.(a) Whereupon he sent a scire facias out of the High Court of Chancery, returnable the 10th day of February, 1673, directed to the widow and heirs of the said Walter, to appear in the said Court of Chancery, to shew cause why the said patent should not be cancelled, as lying within that reserve. That the widow of the said Walter appeared in the said Court, by her son-in-law, Matthezv Hill, on the 10th of February, aforesaid, and without any defence on the behalf of the orphan. The said Matthew Hill delivered the said patent to the Court; whereupon the said Court decreed the same to be cancelled, and of no force. That the said Eleanor, or her mother on her behalf, preferred a petition to Charles *27 Lord Baltimore, (the said Eleanor being then about twelve years old,) to grant her 400 acres in the manor of Panguy a, in lieu of the said 7SO acres. Thatthe said Lord Baltimore, did granther 400 acres in consideration of the said surrender, by his patent bearing date the 5th day of June, 1676, she being still a minor. And further we do not find any reserve land for the manor of Panguy a, before the 24th day of April, 1667, being four years after Walter Bean’s certificate, and above a year after his patent; so that upon the whole matter, if the Court do not think Walter Beards patent duly vacated, we find for the plaintiff, otherwise for the defendant.
The defendant obtained an injunction from Chancery to stay all proceedings, as well to judgment as to execution. The injunction alleging among other things, that the plaintiff had offered in evidence upon the trial, a patent for the land mentioned in the declaration, which had been vacated in' the Court of Chancery, and that the defendant demurred to the evidence, which was nevertheless admitted by the Court.
Lib. T. B. No. 2. folio 40.
MAY TERM, 1706.
RULED by the Court, that upon an appeal on writ of error, in this Court, the plaintiff in such appeal or writ of error, shall recover his costs of reversal against the defendant therein.

 For an account of the nature of reserve lands, vide post the cases of JJigges y. Beale, October Term, 1726, and of Daniel Dulany v. Edward Jennings, February Term, 1738. See also Kilty's Landholder's Assistant, c. 5. p. 91.